## LATTA *v.* CLIFFORD *et al.*

*(Circuit Court, D. Colorado. January, 1891.)*

EJECTMENT—LIMITATION OF ACTION—ADVERSE POSSESSION.
 Since there is no statute of Colorado on the subject of title by adverse occupation, and the common law as it stood in the fourth year of James I. has been adopted, (Gen. St. Colo. p. 170,) 21 years' adverse possession of land is no bar to ejectment by the holder of the fee-simple title.

At Law.
S. L. *Carpenter*, for plaintiff.
S. E. *Browne*, for defendants.

---

HALLETT, J. This is an action of ejectment, to which defendant Clifford answers that the cause of action did not accrue within 21 years. It appears that defendant intended to plead 21 years' possession of the land in controversy, and plaintiff accepts the answer in that way, and demurs to it; so that the question for consideration is whether 21 years' adverse possession of lands in this state will bar an action for the possession by the holder of the fee-simple title. It is conceded that we have no act of assembly of such purport. As limiting actions for the recovery of real estate, we have only the act of 1874, which requires five years' payment of taxes under claim and color of title. Gen. St. p. 675. No such rule was recognized by the common law. Angell, Lim. (6th Ed.) p. 9. We have adopted the common law as it stood in the fourth year of James I. Gen. St. p. 170. The first act of the English parliament limiting real actions to 20 years was 21 James I. c. 16, some years after the time fixed by our act. Probably 32 Hen. VIII. c. 2, may be invoked in a proper case as being part of the common law in the fourth year of James I., but the later act was not in the common law at that time. The act of 21 James I. has not been accepted as common law in this country, as appears from numerous acts of the several states. 3 Washb. Real Prop. (5th Ed.) p. 179, note. If the English act was regarded as common law, the legislation of the several states would be in very different terms. There is a rule of common law relating to incorporeal hereditaments which is referred to in 3 Washburn, as follows:

"The difference, however, between them consists in this: that common law fixes what length of enjoyment of an incorporeal hereditament, like a way, a water-course, and the like, shall be deemed sufficient evidence of an ownership of the right; while, as to the land, the period is fixed by statute, and is called a ' limitation, ' beyond which no man may set up a title adverse to the presumed title of him who has been permitted for that length of time to enjoy uninterrupted possession of the same. The theory of prescription was that the right cl. imed must have been enjoyed beyond the period of the memory of man, which for a long time in England went back to the time of Richard I. But, to obviate the necessity of such an impossible proof, it became customary to rely upon the presumption of a deed having been given, and of its having been lost, after showing an enjoyment for a sufficient length of time. The matter is regulated in England now by statute, (3 & 4 Wm. IV. c. 71,) and, in the United States, grants of incorporeal hereditaments are presumed upon proof of an adverse enjoyment which has been exclusive and uninterrupted for twenty years, or the period of time fixed by the respective statutes of the several states as the limitation in respect to lands themselves."

This rule relates to a different subject, and is applicable only in analogy to the statute of the state. In this state it could only be applied in connection with the five-years act of 1874, for the reason that there is no other act of limitation as to realty. The failure of the assembly of this state to enact a law on the subject of title by adverse occupation in connection with the act of 1874 is very significant. It shows that in the opinion of the assembly the time has not arrived for enacting a rule on that subject. This is a new country, in which presumptions as to titles are as yet not much needed.

The demurrer to the third answer will be sustained.